**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

ANTHONY A. BORUM                                                                                    PLAINTIFF
ADC #092069

V.                                    NO: 2:10CV00017 BSM/HDY

ELLA TAYLOR *et al.*                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Anthony A. Borum, an inmate at the Ouachita River Unit of the Arkansas Department of Correction, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on February 10, 2010, alleging that Defendants Ella Taylor, Ruby Jones-Manning, and Vickie Moore, were deliberately indifferent to his medical needs.[1] The Court held an evidentiary hearing on April 8, 2012, at which Plaintiff testified, as did inmate Donald Elledge, Taylor, and Gregory Scott McKinney, who is currently Plaintiff's treating physician. At the hearing, Plaintiff voluntarily dismissed his claims against Jones-Manning and Moore, leaving Taylor as the only Defendant.

### I. Facts

Plaintiff was an inmate at the Ouachita River Unit when he was diagnosed with multiple sclerosis ("MS"), and he was prescribed Avonex interferon injections to treat the condition. Plaintiff received three injections at the Ouachita River Unit before he was transferred to the East Arkansas

---

[1] Plaintiff's claims against former Defendants Anthony Thomas, Greg Harmon, Correctional Medical Services, Inc., and Chiquita Davis, were dismissed without prejudice on October 13, 2011 (docket entry #89).

Regional Unit ("EARU") on July 2, 2008. At the EARU, Plaintiff received two injections, and then no more for two to three months. Plaintiff asserts this delay resulted in the deterioration of his medical condition, as well as increased pain.

## II. Analysis

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Evidence introduced at the hearing indicates that Taylor, an advance practice nurse, worked only on weekends during the time period at issue. Taylor saw Plaintiff only two times, on February 28, 2009, and May 23, 2009. At the February encounter, Taylor directed that Plaintiff's medications be continued as ordered, and prescribed him special shoes to help him walk (Defendants' exhibit #3, page #2). At the May visit, Plaintiff expressed a need for pain control, and Taylor directed the renewal of Plaintiff's prescriptions, and scheduled Plaintiff for monthly follow up visits with the

unit's full time advance practice nurse (Defendants' exhibit #3, pages #8-9).[2] At the time, Plaintiff was prescribed four medications for pain: Carbamazepine, Naproxen, Acetaminophen, and Propoxyphene (Defendants' exhibit #2, pages #1-3 & #6). McKinney explained that Avonex is not a medication used for controlling pain. Taylor was not in a position to change Plaintiff's pain medication, which was prescribed by Joseph Hughes, a physician.

Although Plaintiff was not receiving the interferon injections the first time Taylor saw him, he was receiving them when he saw Taylor again in May. There is no evidence that the missed interferon injections was the subject of Plaintiff's first visit with Taylor. However, even if there was a delay, such a delay is not evidence of deliberate indifference. According to McKinney's testimony, Plaintiff has progressive MS, which does not respond to interferon, which is used to treat "flare-ups" associated with relapsing/remitting MS.[3] McKinney testified that any missed does of interferon would not affect Plaintiff's prognosis or cause him to experience more pain.

The evidence indicates that Plaintiff was prescribed multiple pain medications at the times Taylor saw him. With respect to the interferon injections, Plaintiff can at most establish a delay in treatment. When an inmate alleges that a delay in medical care constitutes a constitutional violation, he must allege, and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay. *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997). Plaintiff has introduced no medical evidence to establish any detrimental effect of the delay. Conversely, Defendants have provided medical testimony indicating that missed doses of interferon had no effect

---

[2] As a chronic care patient, Plaintiff would normally be scheduled for regular visits every three months, so Taylor's prescribed scheduled was a significant increase over the norm.

[3] Although McKinney does not believe Plaintiff's MS will respond to the interferon, he has renewed a prescription until Plaintiff can be seen by a neurological expert (Defendants' exhibit #5).

on Plaintiff's prognosis. Also, the medication missed was not being used to reduce his pain and therefore, missing it would not have negatively impacted upon Plaintiff's ability to avoid pain associated with his condition.[4]  Furthermore, Plaintiff failed to introduce evidence to demonstrate that Taylor was responsible for any delay.  Accordingly, Plaintiff failed to establish deliberate indifference by Taylor, and his complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Defendant Ella Taylor, and DISMISSED WITHOUT PREJUDICE in all other respects.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  9   day of April, 2013.

*[signature]*

UNITED STATES MAGISTRATE JUDGE

---

[4]McKinney also testified that pain is not one of the primary symptoms associated with Plaintiff's condition.